

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| NELLIE G. TERRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.  8:04-0310-HFF-BHH |
| | § | |
| SELF REGIONAL MEDICAL CENTER, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## I.    INTRODUCTION

This is an Americans with Disabilities Act (ADA) action.  The matter is before the Court for review of the United States Magistrate Judge's report and recommendation (report) in which she suggests that the Defendant's motion for summary judgment be granted.  The report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 DSC.

## II.    STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court.

*See Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

Magistrate Judge Bruce H. Hendricks filed a detailed and comprehensive report on March 7, 2005;[1] Plaintiff filed her objections to the report on March 24, 2005; and Defendant filed a response to Plaintiff's objections on April 6, 2005.  The Court will now review each of Plaintiff's objections.

### III.     PLAINTIFF'S OBJECTIONS

*A.     "Disability" under the ADA.*

The ADA prohibits discrimination "by a covered entity, including a private employer such as [Defendant], 'against a qualified individual with a disability.'"  *Pollard v. High's of Baltimore, Inc.*, 281 F.3d 462, 467 (4th Cir. 2002) (quoting 42 U.S.C. §§ 12111(2), 12112(a) (1995)).  Thus, to fall within the protected class specified by the ADA, a plaintiff must demonstrate that "she is disabled within the meaning of the Act."  *Id.*  "Disability" is defined within the ADA as "[1] a physical or mental impairment that substantially limits one or more of the major life activities of such individual; [2] a record of such an impairment; or [3] being regarded as having such an impairment."  *Id.* at 467 (quoting 42 U.S.C. § 12102(2)).  Plaintiff seeks her claim pursuant to both the "substantially limited in a major life activity" and "regarded as" prongs of § 12102(2).

---

[1]The reader is directed to the report for a full recitation of the relevant facts.

      1.    *Substantially limited in the major life activity of working.*

The substantially limiting requirement under the ADA indicates an impairment that disturbs a major life activity "considerabl[y]" or "to a large degree." *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 196 (2002) (internal citations omitted). In determining whether an impairment is substantially limiting, courts may consider the "nature and severity" of the impairment, the "permanent long term impact," and "the duration or expected duration of the impairment." *Id.* at 467-68 (quoting 29 C.F.R. § 1630.2(j)(2)). In the case at bar, whether Plaintiff is disabled turns on whether her back injury is substantially limiting.

When working is the major life activity under consideration, the statutory phrase "'substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs." *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 491 (1999). Thus, "one must be precluded from more than one type of job, a specialized job, or a particular job of choice." *Id.* at 492; *Haulbrook v. Michelin N. Am.*, 252 F.3d 696 (4th Cir. 2001) (holding that a plaintiff is not substantially limited in the activity of working if he is barred from a specific job). One is not precluded from a substantial class of jobs if jobs utilizing an individual's skill, as opposed to one's unique talents, are available. *Id.* Obtaining a new job "is evidence that an impairment is not substantially limiting." *Pollard*, 281 F.3d at 471 (citing *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 199 (4th Cir. 1997)).

Plaintiff asserts her restrictions include a five percent impairment in the spine, a permanent lifting restriction of twenty-five pounds occasionally and fifteen pounds frequently, as well as restrictions in bending, squatting and climbing to an occasional basis only. Plaintiff further contends that she is restricted in walking and sitting to six-eight hours a day.

In *Pollard*, however, the Fourth Circuit held that lifting restrictions of twenty-five pounds or repetitive bending "are not significantly restricting." *Id.* at 470.   Furthermore, in *Williams v. Channel Master Satellite Sys., Inc.*, 101 F.3d 346, 349 (4th Cir. 1996), the Fourth Circuit concluded that a plaintiff restricted in lifting twenty-five pounds, and pushing or pulling heavy objects "as a matter of law . . . does not constitute a significant restriction on one's ability to lift, work, or perform any other major life activity."

Moreover, in *Paris v. ARC/Davidson County, Inc.*, 307 F.Supp.2d 743 (M.D.N.C. 2004), a plaintiff who asserted that her back condition restricted her from lifting heavy objects or performing any repetitive bending, squatting or pulling was denied relief pursuant to the ADA because "the Fourth Circuit has repeatedly held that basic lifting restrictions and other associated limitations do not constitute evidence of a permanent impairment that substantially limits any major life activity . . . ." *Id.* at 758-59.

Plaintiff currently works as an Licensed Practical Nurse (LPN) for the South Carolina Department of Corrections, and as a part-time LPN at Abbeville Hospital.  Furthermore, Plaintiff's restrictions are similar to those in *Williams* and *Pollard*, where the Fourth Circuit concluded a twenty-five pound lifting restriction "[is] not significantly restricting."  *Pollard*, 281 F.3d at 470. Thus, Plaintiff's restrictions fail to restrict significantly her in the major life activity of working. Therefore, the Court rejects any contention by Plaintiff that she is "disabled" as defined by the "substantially limited in a major life activity" prong of the ADA.

2.      *"Regarded as" disabled under the ADA.*

Under the ADA, an employee may be "regarded as" disabled if either "(1) a covered entity mistakenly believes that [one] has a physical impairment that substantially limits one or more major

life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities." *Sutton*, 527 U.S. at 489.  However, "[t]he fact that an employer is aware of an employee's impairment, without more, is 'insufficient to demonstrate either that the employer regarded the employee as disabled or that perception caused the adverse employment action.'" *Id.* (quoting *Kelly v. Drexel Univ.*, 94 F.3d 102, 109 (3d Cir. 1996)).  Claims under the "regarded" prong of the statute generally arise when a "covered entity entertain[s] misperceptions about the individual . . . ." *Sutton*, 527 U.S. at 489.  An employer must either believe the employee has a substantially limiting impairment she fails to have, or she has an impairment believed to be substantially limiting which, in fact, is not so limiting. *Id.*; *Pollard*, 281 F.3d at 471 (plaintiff must demonstrate that defendant "entertained a misperception" about her condition).

In a case similar to the one at bar, the Ninth Circuit stated that "if [Defendant] believed that [Plaintiff] was incapable of lifting 25 pounds, it does not follow that the hospital regarded her as disabled . . . . [A] 25-pound restriction does not amount to a substantial limitation on the ability to lift." *Thompson v. Holy Family Hosp.*, 121 F.3d 537, 541 (9th Cir. 1997).  The *Thompson* court held that an employer's decision to terminate an employee "based upon the physical restrictions imposed by [her] doctor . . . does not indicate that [the employer] regarded [her] as having a substantially limiting impairment." *Id.* at 541 (quoting *Wooten v. Farmland Foods*, 58 F.3d 382, 386 (8th Cir. 1995)).

In the case at hand, Plaintiff contends Defendant was "inarguably aware that [Plaintiff] had physical impairments." (Pls. Objections to Magistrate's Report at 2.)  Plaintiff also claims that Defendant regarded Plaintiff's "impairments as substantially limiting her ability to perform the major life activity of working." *Id.*  Nevertheless, when asked if Defendant's refusal to return to her job as

an LPN was based on anything other than her medical restrictions, Plaintiff responded, "I have no reason to think there was anything else." (Pl. dep. at 68; Magistrate's Report at 11.)

Moreover, no issue of material fact exists as to whether Defendant mistakenly perceived Plaintiff as having a substantially limited impairment to perform the major life activity of working. Instead, Defendant asserts Plaintiff was unable to return to her previous position as an LPN because her medical restrictions violated her job requirements. Under its terms, "the ADA allows employers to prefer some physical attributes over others and to establish physical criteria." *Sutton*, 527 U.S. at 490. For these reasons, the Court rejects Plaintiff's contention that Defendant regarded Plaintiff as disabled under the ADA.

> B.    *Plaintiff's objection that Defendant failed to conduct an individual analysis, and neither offered nor identified a position that it actually believed Plaintiff could perform.*

As already observed, to fall within the protected class specified by the ADA, Plaintiff must demonstrate that "she is disabled within the meaning of the Act." *Pollard*, 281 F.3d at 467. In doing so, Plaintiff must prove  "[1] a physical or mental impairment that substantially limits one or more of the major life activities of such individual; [2] a record of such an impairment; or [3] being regarded as having such an impairment." *Id.* (quoting 42 U.S.C. § 12102(2)). Thus, since this Court rejects Plaintiff's claim that 1) Plaintiff is substantially limited in a major life activity, and 2) Defendant regarded Plaintiff as "disabled" under the ADA, her claim that  Defendant neglected to conduct an individual analysis, and neither identified nor offered her a position, must also fail.[2]

---

[2] Plaintiff does not argue that she has a record of a disability under the ADA.

Even if the Court were to find that Plaintiff was disabled as defined by the ADA, however, her failure-to-accommodate claim would still fail. Defendant allowed Plaintiff thirty days to identify another job within the hospital in which she was qualified and could perform safely given her medical restrictions. Plaintiff failed to identify any positions, although Defendant did schedule an interview within the hospital. (Pl's. Dep. at 73-74; Magistrate's Report at 12.) Moreover, Plaintiff's claim that Defendant neglected to consider her for other nursing and non-nursing positions within the hospital must also fail since most of the positions listed in Plaintiff's objection include jobs for which, under the facts known, Plaintiff was unqualified due to failure to meet licensing and educational requirements.

Under the Equal Employment Opportunity Commission (EEOC) regulations, employers are permitted "to make inquiries or require medical examinations (fitness for duty exams) when there is a need to determine whether an employee is still able to perform the essential functions of his or her job." *Porter v. U.S. Alumoweld Co.*, 125 F.3d 243, 246 (4th Cir. 1997) (quoting 29 C.F.R. Part 1630, App. § 1630.14(c)). In the case at bar, Plaintiff neglected to undergo a second Functional Capacity Evaluation (FCE), which may have allowed her return to her previous position as an LPN. Accordingly, the Court rejects Plaintiff's claim that Defendant neither offered nor identified a position that it actually believed Plaintiff could perform.

In sum, under 42 U.S.C. § 12112(a) (1995), Plaintiff must first prove she is "a qualified individual with a disability" before any consideration of failure to accommodate pursuant to 42 U.S.C. § 12112(b)(5)(A) arises. Since Plaintiff fails to establish that she is, in fact, disabled under

the ADA, the question of whether Defendant neglected to conduct an individual analysis is of no moment.[3]  Nevertheless, even if the claim were properly before the Court, it would be rejected.


## IV.    CONCLUSION

Therefore, after a thorough review of the report and the objections pursuant to the standards set forth above, and in light of the above analysis, it is the judgment of the Court that Plaintiff's objections be overruled, and that the report shall be adopted  and incorporated herein to the extent that it does not contradict this Order.  Accordingly, Defendant's motion for summary judgment must be **GRANTED**.  Defendant's motion to strike, thus, is rendered **MOOT**.

**IT IS SO ORDERED.**

Signed this 24th day of August, 2005, in Spartanburg, South Carolina.

 s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

---

[3] The Court has reviewed of Plaintiff's remaining objections and, for the reasons stated in the report, finds them to be without merit.